UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER PEGUES and JOSEPH R. RACANELLI, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | )   16-4201 ) |
| GREGG SCOTT, *et al.*, | ) ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

The plaintiffs, proceeding *pro se*, are requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma *pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee is paid. 28 U.S.C. § 1915(d)(2). Accordingly, this court grants leave to proceed in forma pauperis only if the allegations state a federal claim for relief.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiffs' favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). The case was set for merit review on November 17, 2016, but the court was advised that one of the plaintiffs was transferred on a writ to Cook County for a court appearance. Rather than delay the case, the court enters the following order.

The two plaintiffs are detainees at the Rushville facility of the Illinois Department of Human Services. The plaintiffs name as defendants a myriad of Rushville employees and claim an infringement of the plaintiffs' Fourteenth Amendment rights to due process and further, that the restrictions the defendants have placed on the plaintiffs' ability to purchase published materials are a potential First Amendment infringement.

The plaintiffs are striving to state a claim under the First Amendment and the

due process right of access to the courts. What they have submitted falls short, but the plaintiffs deserve another chance to clarify their claim. Accordingly, the complaint is dismissed, without prejudice, with leave to plead over within thirty (30) days, keeping in mind the reasons for this order.

First, the plaintiffs have a First Amendment right to read, but their abilities to possess reading materials are subject to institutional concerns. *See Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). Any rule or policy that infringes upon that ability must be rationally related to legitimate penological interests. *Id.* (applying *Turner v. Safley*, 482 U.S. 78 (1987)). The plaintiffs have not sufficiently alleged a First Amendment claim challenging this policy.

Second, the plaintiffs' abilities to pursue legal action under the First Amendment does not prescribe a specific manner in which officials must provide those confined with access to the courts. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (officials must ensure "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." (internal quotations omitted)). The plaintiffs must show that the officials' actions caused an otherwise meritorious claim to fail. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Conclusory statements do not state a claim for relief. Specific facts may, but the plaintiffs must plead facts with sufficient specificity to support a claim for relief. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

**IT IS THEREFORE ORDERED that:**

1. The plaintiffs' complaint is hereby dismissed with leave to plead over. The plaintiffs may file an amended complaint, within thirty (30) days of this order, that addresses the issues above. In short, plead more facts. If the plaintiffs fail to file an amended complaint or follow the court's specific instructions, as outlined in this order, their case may be dismissed.

2. The clerk is directed to provide the plaintiffs with a blank complaint form to assist them.

3. The plaintiffs' motions for leave to proceed *in forma pauperis* (#3, #4) remain pending until such time as the court determines whether plaintiffs' amended complaint states a federal claim for relief.

Entered this 17th day of November, 2016

/s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE